GREEN VS PURCELL NATIONAL BANK.

Opinion delivered September 19, 1896.

*Forged Checks—Endorser Liable—Notice.*

> Appellant took a forged check in good faith and endorsed the
> same to the bank, appellee herein, for collection. Appellee
> collected the check and paid the money to appellant before
> discovering the forgery. After discovering the forgery,
> appellee paid back to the bank upon which the check was
> drawn the amount of the check, did not notify appellant of the
> forgery, but appropriated certain funds due appellant in pay-
> ment of the amount of the check. *Held*, appellee was not
> obliged to notify appellant that the check was a forgery.
> Appellant was obliged to take notice, and if he did not know
> it, is the recipient of the proceeds of a forged check, who had
> none of the rights of an innocent holder of commercial paper,
> and any funds of appellant which may thereafter have come
> into the possession of the appellee could be legally applied to
> the reimbursement of appellee for the amount advanced on the
> forged check.

Appealed from the United States Court for the South-
ern District.

C. B. KILGORE, Judge.

This was a suit brought by the appellant, Green, on
March, 3, 1894, before J. B. Thompson, United States com-
missioner for the Third judicial division of the Indian Terri-
tory, at Purcell, against appellee, the Purcell National
Bank, to recover the sum of $25, which appellant had
deposited in appellee's bank on the 23d day of February,
1894. To this demand appellee filed an answer, in which it
pleads a set off to the full amount of appellant's claim; alleg-
ing, in substance, that it did on the 26th day of July, 1893,

pay appellant $25 on a certain check, which was attached to said answer as an exhibit; and that it was afterwards discovered that the name of the payee in said check, which was indorsed on the back of the same, was a forgery; alleging appellant had made represetations at the time, and had indorsed said check; that by reason of the forged indorsement of payee's name on said check the same was wholly worthless, and praying that the same be set off against appellant's claim; that afterwards, on May 16, 1894, the cause was tried before said commissioner, a jury being waived, and judgment rendered for appellant, Green, in the sum of $25 and costs of suit; whereupon appellee took an appeal to the United States Court for the Southern district of the Indian Territory, and the cause was on the 26th day of November, 1895, tried de novo, on the same agreed statement of facts as in the court below, and judgment rendered in favor of the appellee and against appellant for all costs, from which judgment appellant prosecutes this appeal. Affirmed.

*B. D. Davidson* and *J. W. Hocker*, for appellant.

1.    Appellant was entitled to notice of the discovery that the name of the payee on the check was a forgery as soon as appellee made such discovery, and by the failure of appellee to notify appellant, the liability of appellant as endorser on said check was discharged. United States vs National Bank, 45 Fed. 163; Gloucester Bank vs Salem Bank, 17 Mass. 33; 2 Parsons Notes & Bills, Sec. 598; Redington vs Woods, 45 Cal. 406; U. S. vs Bank, 6 Fed. 134; 3 Am. & Eng. Enc. of Law, 224.

*George M. Miller*, for appellee.

1.    The check in question was never put in the regular course of negetiation as the payee had never endorsed the same.    Until endorsed by payee, the said check

was utterly valueless and the endorsement by appellant made a simple, independent contract between him and appellee. Kellogg vs Iron City National Bank, 27 S. W. 897; Appellant occupied the relation of a maker or drawer of the check, and no demand or notice was necessary to him. Roach vs Woodall, 18 S. W. 407; Bank of Jamaica vs Jefferson, 22 S. W. 211.

2. Appellant obtained the money from appellee through a mistake of fact and the universal rule of law is clear and undisputed that, money paid under mistake of fact may be recovered back as being paid without consideration. Canal Bank vs Bank of Albany, N. Y. C. L., 284. Appellant is not the innocent holder of said check and he is bound to know that the endorsement of the payee was genuine. Hortsman vs Henshaw, 11 How. 653; Marsh vs Fulton Co. 10 Wall. 1040; 2 Morse on Banking, page 798, Sec. 2766.

SPRINGER, C. J. (after stating the facts.) The parties to this suit, by their attorneys, signed and submitted to the court below an agreed statement of the facts in this case. That statement is as follows: "It is agreed that in 1893 the defendant bank was doing business at Purcell, and that on the said day plaintiff, Green, deposited for collection in defendant bank a check drawn on Riverside Bank of New York by one Nevins, in favor of Charles J. Waldron, for $25 (check hereto attached;) that plaintiff, H. L. Green, indorsed the check; that defendant bank forwarded the same for collection in due course, and the same was paid by the Riverside Bank; that afterwards the defendant bank paid to Green the proceeds of said check, $25. It is agreed that Green came into possession of said check in due course, and without any knowledge of any forgery. It is agreed that the name of the payee, Chas. J. Waldron, is a forgery, and not genuine. It is agreed that prior to the 25th day of February, 1894, Green had no knowledge of such forgery. It is agreed

that the Riverside Bank afterwards discovered the forgery, and came back along the line for the amount, and that defendant bank paid back the money, $25, to the Riverside Bank, some time in November, 1893, and that defendant had full knowledge of the forgery prior to the 1st day of December, 1893. It is agreed that defendant bank made no effort to notify Green of the forgery, or that they had to pay the money back to the Riverside Bank. It is agreed that defendant bank knew the residence of Green, and could have notified him at any time during the months of December, 1893, and January, 1894. It is agreed that on the 23d day of February, 1894, plaintiff, Green, deposited in defendant bank a check drawn on Gainesville, Texas, for the sum of $25, for collection, and, when collected, for credit to plaintiff's account in said bank (deposit slip hereto attached.) It is agreed that defendant bank collected said sum of $25, and realized thereon the sum of $25. It is agreed that when Green called upon defendant bank for the proceeds of said last-named check they informed him that they had collected said sum, but that they had used the same to pay themselves the sum of $25, for which Green was liable to defendant bank, by reason of having indorsed the first-mentioned check, the name of the payee, Waldron, being a forgery; that this was the first knowledge that Green had that the name of Waldron was forged."

The counsel for appellant contends that the agreed statement of facts shows that the appellant acted in perfect good faith, that he took the check upon which Waldron's name had been forged to the bank, and indorsed the same for collection. They concede that appellant, by his indorsement, guarantied the genuineness of Waldron's signature, but they insist that this did not relieve the Riverside Bank, or the appellee, the Purcell National Bank, from the duty of notifying appellant of the fact as soon as the forgery was

(20)

discovered; and, failing so to do, counsel for appellant insist that appellant was released from all responsibility as indorser of the check. Counsel comment, in their printed argument, with some severity upon the "avaricious clutches," which, they allege, the Purcell Bank got "on some of appellant's effects," referring to the $25 collected on the Gainesville draft, and applied to the repayment of the same amount advanced by the bank to the appellant on the forged indorsement of the Waldron check.

The Purcell Bank was not obliged to notify the appellant, Green, that Waldron's name had been forged to the check. That was a fact of which Green himself was obliged to take notice ; and, if he did not know it, yet, as the recipient of the proceeds of a forged check or indorsement, he had none of the rights of an innocent holder of commercial paper. In law he was charged with the knowledge of the forgery, the beneficiary of which he became by his own acts. He stood in the forger's shoes, and, however innocent he may have been in fact, yet, in law, having received the stolen goods, he acquired no better title than the thief himself would have had. Any funds of the appellant which may thereafter have come into the possession of the appellee could be legally applied to the reimbursement of the bank for the amount advanced on the forged check. No wrong has been done appellant. He obtained money which did not belong to him; he appropriated it to his own use, and he has been compelled by the judgment of the court below to restore it to the rightful owner. The judgment of the court below is affirmed.

LEWIS, J., concurs.

Forged check
Endorser
Notice.